THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  5:15CR409 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEITH SMITH, | ) | |
| | ) | (Resolves Doc. 23) |
| Defendant. | ) | |

This matter comes before the Court on a motion seeking a *Franks* hearing and a motion suppress.  The two-part motion is DENIED.

On March 21, 2016, Defendant Keith Smith moved this Court for a *Franks* hearing.  In support of this motion, Smith asserts that the search warrant affidavit referred to a controlled buy.  Smith contends that this information was fabricated.

The *Franks* Court set out the standard a defendant must satisfy to warrant a hearing as follows:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations *must be accompanied by an offer of proof*. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.

*Franks v. Delaware*, 438 U.S. 154, 171 (1978) (emphasis added). This high initial burden is designed to prevent defendants from abusing the process and to insure that frivolous claims do not result in mini-trials. *Id.* at 170.

Smith's allegations are wholly conclusory. In fact, Smith offers not an even argument to support his claim that the affidavit's discussion of the controlled buy was false. Accordingly, he has fallen well short of the high burden imposed by *Franks* to warrant a hearing.

Smith also contends that the evidence against him should be suppressed because the affidavit failed to establish probable cause. Smith's argument is in large part dependent on his prior argument that the facts surrounding the controlled buy should not be considered. Having found no merit in that contention, Smith has little argument left for the Court to consider.

"Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). The test for probable cause is simply whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (internal quotation marks omitted). The existence of probable cause must be determined using a "totality of the circumstances" test; that is, the question is whether, given all of the facts known to the police officer, there is a fair probability that contraband or evidence will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

An affidavit in support of "a search warrant need not establish beyond a reasonable doubt that incriminating evidence will be found on the premises to be searched." *United States v. Blakeney*, 942 F.2d 1001, 1025 (6th Cir. 1991). However, probable cause does require a

"substantial basis" for concluding that evidence of a crime will be found at the location to be searched. *Id*. (citing *Gates*, 462 U.S. at 238).

Herein, the affidavit in support of the search warrant explains that Officer Todd Sinsley approached 1361 9th Avenue, Akron, OH 44306 with an information source within seven days of the affidavit. At that time, the source was searched and found to not be in possession of any contraband or currency. The officer then supplied the source with APD funds. The source then entered the home, exited within minutes, and returned to the officer. At that time, the source provided heroin to the officer and indicated that it had been purchased in the home. A second search revealed no additional contraband or currency in the source's possession. The affidavit also indicates that prior to the controlled buy, the source had informed the officer that the source was aware of heroin being for sale at the home because of a conversation in which Keith Smith told him that he had heroin for sale at the residence. Based upon the above, the affidavit clearly established probable cause to search the location in question. As such, the motion to suppress is denied.

Smith's request for a *Franks* hearing is DENIED. Smith's motion to suppress is also DENIED.

IT IS SO ORDERED.

April 12, 2016             */s/ Judge John R. Adams*
                           JUDGE JOHN R. ADAMS
                           UNITED STATES DISTRICT COURT

3