# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEITH SMITH, | CASE NO. 5:15CR409 |
| | 5:17CV2000 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | |
| UNITED STATES OF AMERICA, | ORDER AND JUDGMENT ENTRY |
| Respondent. | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 56. The petition is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

The entirety of Smith's petition is based on the same faulty premise. Namely, Smith contends that his Fourth Amendment rights were violated when officers executed the search warrant issued in this matter in the daytime hours. Smith's contention is erroneous.

1

Ohio's Crim.R. 41(C) provides, in part, that a "warrant shall be executed in the daytime, unless the issuing court, by appropriate provision in the warrant, and for reasonable cause shown, authorizes it execution at times other than daytime ..." and that, pursuant to Crim.R. 41(F), daytime is defined as meaning the hours from 7:00 a.m. to 8:00 p.m. Smith is correct that his warrant was executed during the daytime. Smith is also correct that a nighttime execution was authorized by the warrant. Smith, however, is incorrect that the authorization of a nighttime search **required** that the search occur at night. Nothing in the warrant required a nighttime search. Rather, the warrant simply permitted one. Accordingly, Smith cannot demonstrate any error related to the execution of the warrant.

Moreover, even if Smith could demonstrate some technical error, he cannot demonstrate that such a violation would have resulted in suppression. *See Ohio v. Harris*, 2015 WL 3827097, at *2-3 (Ohio June 22, 2015) (holding that the exclusionary rule is inapplicable to technical violations occurring when a daytime warrant's execution extends into nighttime hours).

For the foregoing reasons, Petitioner Keith Smith's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: March 21, 2019  /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**